The People of the State of New York, Respondent, *v.* Leonardo Larubia, Appellant.

*Jurors in criminal actions — prejudice against the defendant — statement of causes of challenge — actual bias.*

On the examination of a juror as to his qualification to serve on the trial of a prisoner under an indictment for murder where the homicide was committed by the defendant with a pistol which he had been in the habit of carrying, the juror stated that he had a great prejudice against the defendant by reason of the fact that he carried a pistol, and that he did not believe a man had any right to carry a deadly weapon ; the juror was not asked to, and did not, declare that he believed such prejudice would not influence his verdict.

*Held,* that the juror was incompetent, and that it was error to overrule a challenge for cause interposed by the defendant.

When, on the trial of a criminal action, it is understood by the court and by both parties that a challenge to a juror for actual bias is being tried, an exception to the overruling of a challenge for cause may be available, although the requirements of section 380 of the Code of Criminal Procedure — that in a challenge for implied or actual bias the causes stated in the Code must be alleged, and that whenever the challenge is overruled they must be entered upon the minutes — may not have been strictly complied with.

Appeal by the defendant, Leonardo Larubia, from a judgment of the Court of Oyer and Terminer for the city and county of New York, rendered on the 2d day of June, 1892, convicting the defendant of the crime of murder in the second degree.

*S. S. Blake,* for the appellant.

*H. B. B. Stapler,* for the respondent.

VAN BRUNT, P. J.:

In the consideration of this appeal, it will only be necessary to consider the exceptions raised to the overruling of the challenge of one of the jurors. The proceedings in reference to this juror are short, and they are inserted here precisely as they appear upon the record.

Abner McKinley, who was sworn and examined, testified as follows:

" Direct-examination by Mr. SIMMS:

" I have no conscientious opinion in respect to capital punishment such as would preclude me from finding the defendant guilty of murder in the first degree, provided the evidence satisfied me of his guilt beyond all reasonable doubt. I do not know that I have any prejudice against the infliction of the death penalty by electricity. It would have no weight upon my mind in the consideration of the evidence in this case or determining the degree of your verdict, I am not acquainted with Mr. Blake, the counsel for the defendant, and have no prejudice against the defendant on account of his nationality. I have not heard of this case before, and have no impression or opinion now as to the defendant's guilt or innocence.

" Q. Do you know of any reason to prevent you from acting as a fair and impartial juror if selected in this case ? A. Yes, I do.

" Q. Please state it? A. I am not a citizen of this State, and I do not believe I am liable to jury duty, and I, therefore, feel I am forced here against my will.

" THE COURT.— I have decided that the juror is liable to jury duty under the laws of this State. That requires him to serve and he should serve.

" THE JUROR.— With all due deference to your honor's decision, I differ.

" Mr. SIMMS.— Challenge withdrawn.

" Cross-examination by Mr. BLAKE :

" Q. What is your business? A. I am an attorney at law, but I do not practice here in this city ; I practiced in Ohio, I have been in practice — I was in active practice for fifteen or sixteen years ; I have . tried criminal cases.

" Q. You can give this man a fair and impartial trial ? A. I don't know whether I could or not.

" Q. On the merits ? A. I don't know whether I could or not.

" Q. Do you know of any prejudice growing out of this case other than that you are not liable to jury duty ? A. I do not believe the defendant wants me.

" Q. I may want you. A. I do not want to deceive you if I got into that jury ; any little pique I may have will not be taken for or against the defendant, and I do not believe the defendant wants me ; I have no prejudice against his nationality.

" Q. Or any prejudice against him by reason of the fact that he carried a pistol ? A. Yes ; a great prejudice ; I don't believe any man has any right to carry a deadly weapon.

" Q. Not even with a permit ? A. No, sir ; he should be responsible for his acts ; if he is a quarrelsome fellow he should be responsible for his acts.

" Q. Sometimes men are assaulted without any provocation whatever — you are a lawyer — what is he going to do ? A. There are so many cases where people have had deadly weapons, if they did not have them there would be no murder nor no great bodily harm.

" Q. Sometimes if they did not have them they might be dead men. A. Not as a general rule ; I am absolutely honest in this matter.

" Q. You do not want to serve ? A. I do not and it would be a very great hardship if I should be compelled to serve.

" Mr. Blake.— I submit the challenge for cause.

" The Court.— The challenge is overruled ; exception taken.

" Mr. Blake.— I suppose the challenge is with the People.

" Mr. Weeks.— We have no peremptory challenge.

" Mr. Blake.— He is charged peremptorily on the part of the defense."

It is claimed upon the part of the defendant that the overruling of the challenge was error prejudicial to the defendant, and we are of opinion that this point is well taken.

It appeared that the killing in question was committed by the prisoner with a pistol which he had been in the habit of. carrying ; and upon the examination of the juror he was asked whether he had any prejudice against the prisoner by reason of the fact that he carried a pistol. His answer, as appears above, was, " Yes, a great prejudice ; I don't believe any man has any right to carry a deadly weapon.

" Q. Not even with a permit?   A. No, sir, he should be respon-
sible for his acts; if he is a quarrelsome fellow he should be respon-
sible for his acts.

" Q. Sometimes men are assaulted without any provocation what-
ever — you are a lawyer — what is he going to do?   A. There are
so many cases where people have had deadly weapons; if they
did not have them there would be no murder nor no great bodily
harm.

" Q. Sometimes if they didn't have them they would be dead
men.   A. Not as a general rule.   I am absolutely honest in the
matter."

As far as this examination went it showed a prejudice against the
prisoner from the fact of his carrying a pistol, and from the juror's
answers it appeared to be a strong prejudice.   The witness was not
asked to declare on oath that he believed such prejudice would not
influence his verdict, and that he could render an impartial verdict
according to the evidence.   But with this statement of prejudice
against the defendant standing almost unqualified the challenge is
overruled, and the juror pronounced by the court to be competent.
While we think that if the juror had declared upon oath that such
prejudice would not affect his verdict, and the court was satisfied of
that fact, its existence would not have disqualified him as a juror,
without such declaration upon oath by the juror, there was nothing
to show but what that prejudice would influence the juror in the
rendition of his verdict, and, therefore, he was incompetent.

It is urged, however, upon the part of the People that this excep-
tion should not be allowed to prevail, because the submission of the
challenge fails to show the ground of challenge.

It is undoubtedly true that by section 380 of the Code of Crimi-
nal Procedure it is provided that in a challenge for implied or actual
bias the causes stated in the Code must be alleged, and that when-
ever the challenge may be overruled they must be entered upon the
minutes of the court, and that such requirement was not strictly
complied with in the case at bar.

It will be seen that it was the understanding of all the parties as
to what the nature of the challenges were.   We find the People,
upon the juror being sworn, conducting an examination upon the
assumption that a challenge had been interposed for implied bias

upon one or more of the causes stated in the Code, and also a challenge for actual bias for the cause stated in the Code; and at the conclusion of the examination appears a statement that the People withdrew the challenge. Then the prisoner cross-examines the juror as though the challenge had been renewed upon his behalf; and at the end of the examination, the counsel submits the challenge for cause, which challenge is overruled and an exception is taken.

It is clear that it was the understanding of the court and counsel that a challenge for actual bias was pending, and such challenge was overruled by the court. In fact, the only provisions for the examination of a juror arise upon the trial of a challenge to a juror, and the court had no authority to proceed unless the challenge was before it. Prior to this examination, it would appear from the record that the question of a general challenge (viz., that the juror was disqualified from serving in any case) had been passed upon by the court, and, therefore, there remained no causes for challenge before the court but those for implied and actual bias, as to which he was examined by the parties.

We think that the question as to the competency of the juror was before the court, and although the provisions of the Code were not strictly complied with, yet it was the understanding, both of the court and the parties, that a challenge for actual bias was being tried.

It is claimed upon the part of the People, under the authorities of *The People* v. *Carpenter* (102 N. Y. 238) and *People* v. *McGonegal* (136 id. 62), that jurors, similar to the one now under consideration, were pronounced qualified, and it was held not to be error. But it will be found in all those cases that the juror had declared upon oath that the seeming disqualification would not in any manner influence his verdict; a feature conspicuously absent in the case at bar.

We think, for the error committed in the overruling of the challenge to this juror, the judgment should be reversed and a new trial ordered.

O'BRIEN, J., concurred.

Judgment reversed and new trial ordered.